UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MATTHEW SCHMITZ

VERSUS

THE STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, OFFICE OF
STATE POLICE, ET AL

CIVIL ACTION

NUMBER 07-891-RET-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 11, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES MATTHEW SCHMITZ

VERSUS

THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
OFFICE OF STATE POLICE, ET AL

CIVIL ACTION

NUMBER 07-891-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Dismiss filed by defendants the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, and Colonel Henry L. Whitehorn, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Record document number 3. The motion is opposed.[1]

Plaintiff James Matthew Schmitz filed this action in state court against the State of Louisiana's Office of State Police, through the Department of Public Safety and Corrections, and Col. Whitehorn, in his official capacity as State Police Superintendent and Deputy Secretary of the Department. Plaintiff alleged claims for disability discrimination in employment under the federal Rehabilitation Act, 29 U.S.C. § 794(a) and Louisiana's employment

---

[1] Record document number 6.

2

discrimination law (LEDL), LSA-R.S. 23:323.[2]  Plaintiff also alleged a state law claim for intentional infliction of emotional distress under Louisiana Civil Code Article 2315.  Plaintiff claimed that the defendants are liable under these federal and state laws because as soon as he informed the doctor to whom he was sent for his pre-employment physical that he was a diabetic, the defendants withdrew their offer of employment.[3]

Defendants removed the case to this court based on federal question jurisdiction and supplemental jurisdictional over the state law claims under 28 U.S.C. § 1367.

Defendants moved to dismiss all of the plaintiff's claims on various grounds.  Defendants argued that both the federal and state law claims alleged by the plaintiff are barred by the Eleventh Amendment.  Defendants also argued that the plaintiff cannot establish that he is a qualified individual with a disability within the meaning of the Rehabilitation Act and the LEDL.  With regard to the plaintiff's state law tort claim, the defendants argued that the allegations do not rise to the level of extreme and outrageous conduct sufficient to support a claim for intentional

---

[2] Plaintiff filed an initial petition in state court alleging a claim under the Americans With Disabilities Act.  Plaintiff then sought and was granted leave to file an amended and restated petition which voluntarily dismissed the ADA claim and substituted a claim under the Rehabilitation Act.  Record document number 1, Notice of Removal, Attachments 1-3.

[3] Record document number 1, Notice of Removal, Attachment 3, Amended and Restated Petition, ¶¶ 5-9.

infliction of emotional distress.

## Motion to Dismiss Standard

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the well-pleaded factual allegations in the complaint, and views them in the light most favorable to the plaintiff.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *petition for cert. filed*, 76 USLW 3304 (Nov. 26, 2007).  A complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true "raise a right to relief above the speculative level."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), citing, *Bell Atl. Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1964-65 (2007).

## Analysis

### Eleventh Amendment

Defendants invoked the protection of the Eleventh Amendment and contended that the immunity it provides has not been abrogated by Congress under the Rehabilitation Act, nor has the state waived its immunity.  Thus, defendants argued that the Eleventh Amendment bars the plaintiff's claims under both federal and state law.

Defendants also relied on *Hughes v. Savell*,[4] to support their argument that the plaintiff's state law claims are foreclosed by the Eleventh Amendment.

Plaintiff responded that under Fifth Circuit precedent a state's acceptance of federal funds constitutes a waiver of sovereign immunity under § 504 of the Rehabilitation Act. Plaintiff also maintained that the Eleventh Amendment does not protect the state from enforcement of its own laws.

A review of the pleadings establishes that the defendants are not entitled to dismissal of the plaintiff's claims based on the Eleventh Amendment. Plaintiff alleged a violation of the Rehabilitation Act is under Title V, § 504, which is set forth in 29 U.S.C. 794(a):

> No otherwise qualified individual with a disability in the United States, as defined in section 706(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

The general provision under 42 U.S.C. § 2000d-7(a) states as follows:

> (1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. §

---

[4] 902 F.2d 376 (5th Cir. 1990).

>1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

In his amended petition the plaintiff plainly alleged that the defendants are the recipient of federal funds and that their actions in withdrawing an offer of employment violated the Rehabilitation Act. Defendants did not argue or otherwise dispute the plaintiff's allegation that the state police is a program or activity that receives federal funds. Thus, as to the plaintiff's Rehabilitation Act claim, the acceptance of federal funds offered on the explicit condition of waiver pursuant to § 2000d-7 in fact waived Eleventh Amendment immunity. *Miller v. Texas Tech University Health Sciences Center*, 421 F.3d 342, 347-51 (5th Cir. 2005), *cert. denied*, 546 U.S. 1170, 126 S.Ct. 1332 (2006).

In addition, under *Lapides v. Bd. of Regents of the Univ. System of Georgia*,[5] the defendant's removal of this case from state court also constituted a waiver of its Eleventh Amendment immunity. In *Lapides* the plaintiff brought suit in state court against the state entity and university officials alleging claims under 42 U.S.C. § 1983 and state law, and the state joined in the removal of the case to federal court. Plaintiff's claim under § 1983 against

---

[5] 535 U.S. 613, 122 S.Ct. 1640 (2002).

the state was not valid because of *Will v. Michigan*,[6] but the plaintiff's state law claims remained pending against the state in federal court.  After removal the state sought dismissal of the case based on the Eleventh Amendment.  The Supreme Court held that the state which was brought involuntarily into the case as a defendant in state court, voluntarily invoked the federal court's jurisdiction when it removed the case.  Therefore, the state's action "removing of this case to federal court waived its Eleventh Amendment immunity."  *Lapides*, 535 U.S. at 624, 122 S.Ct. at 1646.

Defendants removed this action shortly after the plaintiff filed his amended petition alleging claims under the Rehabilitation Act, the LEDL and state tort law.  Under *Lapides* the general principle applies - defendants' voluntary removal is a waiver of Eleventh Amendment immunity as to the federal and state law claims alleged by the plaintiff.

**Rehabilitation Act and the LEDL Discrimination Claims**

To establish a claim under § 504 of the Rehabilitation Act and the LEDL, a plaintiff must prove that (1) he is an "individual with a disability"; (2) he is otherwise qualified to perform the duties of the position; (3) he experienced an adverse employment decision solely because of his disability.  As to the Rehabilitation Act claim, a plaintiff must also prove that the alleged discrimination

---

[6] 491 U.S. 58, 109 S.Ct. 2304 (1989).

occurred in a program or activity receiving federal financial assistance. *Shannon v.* Henderson, 275 F.3d 42 (5th Cir. 2001); *Prejean v. Cypress Fairbanks Ind.*, 97 Fed.Appx. 480 (5th Cir. 2004), *citing*, *Chandler v. City of* Dallas, 2 F.3d 1385, 1390 (5th Cir. 1993). The term "individual with a disability" means an individual who: (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 29 U.S.C. § 705(20); *Cutrera v. Board of Sup'rs of Louisiana State University*, 429 F.3d 108, 111 (5th Cir. 2005).[7]

Defendants argued that the plaintiff's claims of disability discrimination under federal and state law should be dismissed because the plaintiff has merely alleged that he has an impairment - diabetes. According to the defendants, the plaintiff's allegations demonstrate that he cannot prove he is a qualified individual with a disability as those terms are defined under the Rehabilitation Act and the LEDL. Defendants specifically argued

---

[7] Title II of the ADA is modeled after § 504 of the Rehabilitation Act, so that the elements of claims under the two statutes are nearly identical and precedent under one statute typically applies to the other. *Pace v. Bogalusa City School Bd.*, 403 F.3d 272, n. 76 (5th Cir.)(en banc), *cert. denied*, 546 U.S. 933, 126 S.Ct. 416 (2005). Because the Louisiana employment discrimination statute is patterned after the corresponding federal law under the ADA, the analysis is the same. *Mincey v. Dow Chemical Co.*, 217 F.Supp.2d 737, 742 (M.D. La. 2002); *Savoy v. Borden's Milk Products*, L.P., 2006 WL 2914647 (W.D. La. Oct. 10, 2006).

that the plaintiff has failed to establish that his diabetes substantially limits him in the major life activity of working, or any other major life activity, or that he is otherwise qualified for the position he was denied.

Plaintiff essentially argued that the defendants' motion to dismiss his disability discrimination claims inappropriately invokes the Rule 56, Fed.R.Civ.P., summary judgment standard, and that under the applicable law his allegations are sufficient at this juncture to withstand a motion to dismiss.

Plaintiff's argument is persuasive. Plaintiff has adequately alleged all of the elements necessary to state a claim under the Rehabilitation Act and the LEDL. Generally, the plaintiff alleged that he is an insulin-dependent diabetic who has never experienced any symptoms from the condition that would affect his work, and he is presently working as an officer of a city police department. He received a conditional offer of employment from the defendants pending successful completion of medical and other evaluations. Plaintiff alleged that when he reported for his physical he informed the physician that he was a diabetic, and at that point the doctor ended the examination and told the plaintiff that he was not medically qualified solely for the reason that he was a diabetic. Plaintiff alleged further that, contrary to established law, the defendant failed to make an individualized assessment of his ability to do the essential functions of the job and instead

withdrew the offer because of a blanket policy of denying employment to persons with diabetes.  Plaintiff alleged that this policy based on mistaken beliefs and prejudices towards diabetics.[8]

Accepting these allegations as true and viewing them in the light most favorable to the plaintiff, if proven they would establish that despite his diabetes he could perform the essential functions of the position; and that without any individualized inquiry the defendants denied the plaintiff a job solely because they regarded him as substantially limited in the major life activity of working.  Defendants' motion to dismiss the plaintiff's disability discrimination claims under the Rehabilitation Act and the LEDL should be denied.

**Intentional Infliction of Emotional Distress**

Citing case law relevant to intentional infliction of emotional distress claims, the defendants argued that the plaintiff does not allege extreme and outrageous conduct sufficient to support such a claim.  According to the defendants, conduct far more egregious than that alleged has been held not to be extreme and outrageous.

A review of the petition shows that the plaintiff's allegations are sufficient to state a claim under state law for

---

[8] Amended and Restated Petition, ¶¶ 5-9.

10

intentional infliction of emotional distress.[9]  Defendants essentially urged dismissal of the claim based on the argument that the possibility of the plaintiff prevailing on this claim is remote and unlikely.  This is not an appropriate basis to grant a motion to dismiss.  A motion to dismiss should not be granted just because it appears the claim is factually doubtful or that it is unlikely that the plaintiff will prevail on the merits of the claim.[10]  Whether the plaintiff can develop the facts necessary to show the defendants' conduct was extreme and outrageous is appropriately resolved after information obtained during discovery is evaluated in the context of a motion for summary judgment or at trial.  Defendants' motion to dismiss this claim should also be denied.

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Dismiss filed by defendants the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, and Colonel Henry L. Whitehorn be denied.

Baton Rouge, Louisiana, January 11, 2008.

_/s/ Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

[10] Wright and Miller, Federal Practice and Procedure: Civil 3d § 1357, pp. 683-90.