UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES MATTHEW SCHMITZ

VERSUS                                              CIVIL ACTION

THE STATE OF LOUISIANA, THROUGH                     NUMBER 07-891-SCR
THE DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, OFFICE OF
STATE POLICE, ET AL


## RULING ON LAW APPLICABLE TO
## PLAINTIFF'S REHABILITATION ACT CLAIM

The ADA Amendments Act of 2008 (ADAAA) became law on September 25, 2008.[1]  Section 7 of the ADAAA made conforming amendments to the Rehabilitation Act.  The legislation states in Section 8 that: "This Act and the amendments made by this Act shall become effective on January 1, 2009."  The parties filed memoranda addressing whether the law as set forth in the ADA Amendments Act of 2008 should be applied to determine the merits of the plaintiff's Rehabilitation Act claim.

Plaintiff acknowledged that the ADAAA is silent on the issue of retroactivity, and the general rule is that statutes are applied prospectively and will not be construed to operate retroactively unless the language in the statute clearly specifies it. Nevertheless, the plaintiff argued that the curative nature and intent of the amendments is enough to justify an exception to this

---

[1] Pub. L. No. 110-325, 122 Stat. 3553 (2008).

rule. Plaintiff also conceded that the situation presented by the ADAAA is not unlike that presented in *Landgraf*, where the court found that certain provisions of the 1991 amendments to Title VII could not be applied retroactively. However, the plaintiff argued that *Landgraf* can be distinguished because the damage provision considered in *Landgraf* was entirely new and not intended to correct prior Supreme Court decisions.

Defendants agreed that the ADAAA does not state whether its provisions should be applied retroactively. They argued that because the amendments substantively changed the ADA, the ADAAA can only be given prospective application. Therefore, defendants argued, the court must evaluate the plaintiff's claim based on the law as it stood prior to the effective date of the ADAAA.

## **Applicable Law**

On the issue of retroactivity and the effect of intervening changes in the law on pending cases, the Fifth Circuit follows the Supreme Court's analysis in *Landgraf v. USI Film Products*:

> Generally, we disfavor the retroactive application of new laws. *See U.S. Fid. & Guar. Co. v. McKeithen*, 226 F.3d 412, 418 (5th Cir.2000). Retroactive legislation can create "severe problems of unfairness because it can upset legitimate expectations and settled transactions." *Id*. Although in many situations a court should "apply the law in effect at the time it renders its decision," *Bradley v. Sch. Bd. of the City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), those situations "generally involve procedural changes to existing law, including statutes which merely alter jurisdiction." *Hartford Cas. Ins. Co. v. F.D.I.C.*, 21 F.3d 696, 700 (5th Cir.1994). This court follows the two-part analysis governing the retroactivity of new

>statutes delineated by the Supreme Court in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). *See, e.g., Graham v. Johnson*, 168 F.3d 762, 781-88 (5th Cir.1999); *United States v. Rocha*, 109 F.3d 225, 228-29 (5th Cir.1997).

*Vela v. City of Houston*, 276 F.3d 659, 673 (5th Cir. 2001).

When a case implicates a federal statute enacted after the events in a suit, the court must first ask whether Congress has expressly prescribed the statute's reach. *Landgraf*, 511 U.S. at 280, 114 S.Ct. at 1505; *Vela*, 276 F.3d at 673. If Congress has done so there is no need to resort to judicial default rules. But when the statute contains no express command, the court must determine whether the new statute would have retroactive effect, that is, "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id*. If the statute does operate retroactively, the traditional presumption is that the statute does not govern absent clear congressional intent that it apply retroactively. *Landgraf*, *supra*.

When the law states that it has a restorative purpose or that it is a response to judicial decisions, this may be relevant to whether Congress specifically intended a new statute to govern past conduct. But an intent to act retroactively in such cases cannot be presumed. Clear evidence of intent to impose the restorative statute retroactively is still required. *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 114 S.Ct. 1510 (1994).

## **Analysis**

Plaintiff's retroactivity arguments are unconvincing. Application of the *Landgraf* analysis compels the conclusion that the amendments relevant to the plaintiff's claim cannot be applied retroactively.[2]

Congress did not state in the ADAAA or indicate in the legislative history whether the amendments should govern cases arising before January 1, 2009. Therefore, the court must determine whether the provisions of the new statute would have retroactive effect, that is, whether they attach new legal consequences to events completed before enactment.[3]

---

[2] As of this date, one court has directly addressed and analyzed the retroactivity of an ADAAA provision. *Rudolph v. U.S. Enrichment Corp., Inc.*, 2009 WL 111737 (W.D.Ky. Jan. 15, 2009). The court dealt with the ADAAA amendment which affects the determination of disability under the "regarded as" prong of the definition and found that the amendment could not be applied retroactively.
   Recent dicta in a footnote of a Fifth Circuit case mentioned the ADAAA and stated that the changes do not apply retroactively. *See*, *E.E.O.C. v. Agro Distribution LLC*, ____ F.3d ____, 2009 WL 95259, n.8 (5th Cir. Jan. 15, 2009), citing, *Rivers v. Roadway Express, Inc.*, 511 U.S. at 313, 114 S.Ct. at 1519 ("Even when Congress intends to supersede a rule of law embodied in one of our decisions with what it views as a better rule established in earlier decisions, its intent to reach conduct preceding the 'corrective' amendment must clearly appear.").

[3] A statute does not operate retrospectively merely because it is applied in a case arising from conduct that occurred before the law's enactment. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. *Landgraf*, 511 US. at 269-70, 114 S.Ct. At 1499.

The first essential element that any ADA plaintiff must establish is that he is "disabled" within the meaning of the statute. The ADAAA contains the same definition of disability contained in the ADA, but adds provisions to the statute which directly change how to determine whether an individual satisfies this definition.[4] Under the Supreme Court's interpretation of the definition before the amendments, the effects of mitigating measures on the impairment had to be considered to determine whether the individual was disabled.[5] Under the new law, except for ordinary eyeglasses or contact lenses, the opposite is now true. The determination must be made without regard to the ameliorative effects of mitigating measures.

It is apparent that if this provision of the ADAAA is applied to the defendants' conduct that occurred in March 2006, it would create new legal consequences and impose new duties on the defendants as regards their treatment of applicants for employment.

The result is the same if the ADAAA provisions on the

---

[4] The ADAAA essentially maintains the language of the original three prongs of the definition of disability: a physical or mental impairment that substantially limits one or more life activities; a record of such impairment; or being regarded as having such impairment, but it adds provisions to clarify several elements of the definition and reject Supreme Court decisions that narrowed the broad scope of protection Congress intended to be afforded by the ADA. *See*, ADA Amendments Act of 2008, H.R. Rep. 110-730(I), 110th Cong., 2nd Sess. 2008, 2008 WL 2502300 (June 23, 2008).

[5] *See*, *Sutton v. United Airlines, Inc.*, 527 U.s. 471, 119 S.Ct. 2139 (1999).

"regarded as" prong of the disability definition are applied in this case. Before the amendments, this part of the definition was interpreted to mean that an employer had to regard or perceive an individual as substantially limited in a major life activity. The ADAAA eliminates this requirement, which was imposed as a result of the Supreme Court's decision in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002). The new provision states that an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that the employer discriminated against him because of an actual or perceived impairment, "whether or not the impairment limits or is perceived to limit a major life activity."

If this new provision is applied, the defendant's perception with regard to the limiting effects of plaintiff's impairment in March 2006 is not relevant to whether the plaintiff is disabled under the "regarded as" prong. Defendants' perception of the limiting effects of the impairment is relevant under the prior law.

Clearly, the new ADAAA provisions related to the definition of disability create new legal consequences for events completed before its enactment, and broaden the scope of an employer's potential liability under the statute.[6] With no clear evidence of retroactive intent, the fact that Congress passed the amendments

---

[6] This ruling addresses retroactivity only with regard to the ADAAA provisions at issue in the plaintiff's case, and is not intended to address the ADAAA as a whole. *See*, *Landgraf*, 511 U.S. at 280, 114 S.Ct. at 1505.

to counteract Supreme Court decisions and restore the intended scope of the ADA is not sufficient to overcome the presumption against retroactive application.[7]

Accordingly, the court finds that the provisions of the ADA Amendments Act of 2008 that change the law on determining whether an individual is disabled under the Americans With Disabilities Act do not apply to the plaintiff's claim.

Baton Rouge, Louisiana, January 27, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Like the ADAAA, the legislation in *Landgraf* contained statements that the amendments were intended to respond to and reject recent interpretive decisions of the Supreme Court.